**Roy C. HOFFMAN, Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. A2708.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1981.

Oscar Nipper, Law Offices of Oscar Nipper, Walter M. Reeves, Jr., Law Offices of Oscar Nipper, Houston, for appellant.

Elanie B. Davis, Baker & Botts, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a summary judgment rendered for appellee, Prudential Insurance Company of America, against appellant, Roy C. Hoffman, plaintiff in the court below.

Mr. Hoffman brought suit against Prudential to recover under a group insurance policy for medical expenses incurred by his daughter, Dawn Marie Hoffman. Prudential, taking the position that Dawn Marie is not covered by the subject policy, responded in its Original Answer with a general denial and submitted interrogatories to Mr. Hoffman in accordance with the Texas Rules of Civil Procedure. After answers to interrogatories were filed with the court, Prudential filed its Motion for Summary Judgment and supporting affidavit, contending that Mr. Hoffman is not entitled to recover under the terms of this insurance contract for any expenses incurred by Dawn Marie. Mr. Hoffman filed a Response and an affidavit of plaintiff prior to the hearing on Prudential's Motion for Summary Judgment. The court considered the pleadings, affidavit and interrogatories on file as well as arguments of counsel in granting Summary Judgment.

We agree that the summary judgment proof establishes that Dawn Marie Hoffman is not eligible for benefits under the subject policy. We affirm the judgment.

Mr. Hoffman claims reimbursement for medical expenses incurred by Dawn Marie subsequent to April 19, 1978. According to Mr. Hoffman's undisputed answers to interrogatories, Dawn Marie was born on August 4, 1958, and was attending Southwest Texas State University in August of 1977 at the time of her nineteenth birthday, but Dawn Marie permanently withdrew from college on November 22, 1977. Hoffman's answers to interrogatories also reveal that Dawn Marie held a variety of jobs, some of which were part time, between August, 1977, and January, 1978.

■ The basis of this lawsuit is a group insurance contract which covers certain employees of Houston Community College System, including Mr. Hoffman and his qualified dependents. The insurance contract provides that coverage for "qualified dependents" automatically terminates if that dependent ceases to be a "qualified dependent." "Qualified dependent" is defined, in pertinent part, as an unmarried child, other than a child nineteen or more years of age "unless (a) wholly dependent upon the employee for support and maintenance and (b) enrolled as a full-time student in an educational institution..." Under this definition in the policy, Dawn Marie was no longer a "qualified dependent" after November 22, 1977, after which date she was not enrolled in college.

Two other clauses in the insurance contract offer options for extended coverage. The option to continue coverage of a dependent child who is incapable of earning a living when the specified age limit is attained and the policy would otherwise terminate provides:

If a dependent child is mentally or physically incapable of earning a living on the date any coverage under the Group Policy with respect to such child containing benefits based upon charges would terminate due to attainment of the specified age limit for children, and if within thirty-one days of such date the Insurance Company receives due proof of such incapacity, then such specified age limit shall not operate to terminate such coverage....

This provision requires that Prudential receive proof of incapacity within the stated time period. We are not deciding whether the 31-day period would run from the date of Dawn Marie's birthday or from the date of her withdrawal from college. In either case it is undisputed that no such proof was provided. As a matter of law, Dawn Marie Hoffman had no extended coverage under the above quoted provision.

■ Mr. Hoffman contends on appeal that the provision of the insurance contract which requires that Prudential receive proof of a dependent's incapability of earning a living within 31 days of dependent's attaining the age limit which would otherwise terminate the policy does not satisfy the requirements of the Texas Insurance Code. He contends that the 31-day period should be extended to permit him to furnish proof of such incapability within a reasonable time after he had actual knowledge of such incapability.

In making this contention Appellant relies on Article 3.70–3(A)(5) of the Texas Insurance Code, which is inapplicable here because it deals with notice of claim and not proof of incapacity. Article 3.70–2(C) of the Texas Insurance Code, which is specifically applicable to the proof of incapacity provision involved here, provides:

Any policy of accident and sickness insurance . . . which provides that coverage of a dependent child shall terminate upon attainment of the limiting age for dependent children specified in the policy shall also provide in substance that attainment of the limiting age shall not operate to terminate the coverage of the child while the child is both (1) incapable of self-sustaining employment by reason of mental retardation or physical handicap and (2) chiefly dependent upon the insured for support and maintenance. Proof of the incapacity and dependency shall be furnished to the insurer by the insured within 31 days of the child's at-

**628**

tainment of the limiting age and subsequently as may be required by the insurer but not more frequently than annually after the two-year period following the child's attainment of the limiting age. Tex.Ins.Code.Ann., art. 3.70–2(C) (Vernon Supp. 1963–1980). With respect to the 31-day proof of incapacity provision, the policy meets the requirement of the applicable statute.

The other contract provision for extending coverage to a person who has otherwise ceased to be covered by the policy (Paragraph E of the Major Medical Expense Insurance) provides that coverage will be extended for a limited period "(i)f, at such cessation, the person is totally disabled from an illness . . . and is under the care of a Physician. . ." It is clear under the undisputed summary judgment proof that Dawn Marie ceased to be a covered individual on November 22, 1977, when she withdrew from college and that she was not under a physician's care at that time. In fact, according to Mr. Hoffman's uncontroverted answers to interrogatories, Dawn Marie was not under a physician's care for the illness on which this claim is based until April of 1978, some five months later. Therefore, Dawn Marie does not qualify for extended coverage under this provision.

In his second and third points of error, Mr. Hoffman contends that fact issues exist on the questions whether Dawn Marie was incapable of self support and whether her illness arose prior to termination of the policy. The terms of the policy clearly specify conditions for extension of coverage to dependents. Uncontroverted evidence before the trial court indicates that these conditions were not met: Prudential did not receive proof of incapacity within 31 days, and Dawn Marie was not under a physician's care in November of 1977. Therefore, Dawn Marie Hoffman did not meet the prerequisites for extended coverage under the terms of the policy. Neither proof of inability to provide self support nor proof of the time at which the illness arose would alter this result. Movant's summary judgment proof, therefore, is legally sufficient to dispose of all material facts as contemplated by the Texas Rules of Civil Procedure. Tex.R.Civ.P. 166–A.

Judgment of the trial court is affirmed.